**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Martin GONZALEZ–GARIBAY, Defendant–Appellant.**

No. 06–50415

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 20, 2006.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

---

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

Martin Gonzalez–Garibay (Gonzalez) appeals his 84–month sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. He argues that his sentence was unreasonable because the district court failed to weigh properly the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to satisfy the sentencing goals set forth in § 3553(a).

Gonzalez's sentence was within a properly calculated advisory guideline range and is presumed reasonable. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). Giving "great deference" to such a sentence, and recognizing that the sentencing court considered all the factors for a fair sentence under § 3553(a), we conclude that Gonzalez has failed to rebut the presumption that his sentence was reasonable. *See id.*

Gonzalez argues, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the 84–month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury.

Gonzalez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.